## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**TERRENCE MOORE**                                            **PLAINTIFF**
*ADC #105735*

**v.**                         **No: 4:24-cv-00125-LPR-PSH**

**KENYON RANDLE,** *et al.*                                   **DEFENDANTS**

### **ORDER**

Plaintiff Terrence Moore moves for default judgment against defendant Marcus Etherly (Doc. No. 68).  Moore's motion is DENIED without prejudice because it is premature.  Federal Rule of Civil Procedure 55 contemplates a two-step process for the entry of default judgments.  First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend.  Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule.  *See Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D. Iowa 1995).  **The Court emphasizes that entry of default is separate from default judgment – one must occur before the other.**  *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Hagen v. Sisseton-Wahpeton Community College,* 205 F.3d 1040, 1042 (8th

Cir. 2000) (citing *Johnson* for this requirement). By separate order, the Court will refer this case to the Clerk of Court for entry of default.

Additionally, the Court will not entertain a motion for default judgment until all dispositive motions are decided and this case is ready for trial. This is to avoid potentially inconsistent results. *See Angelo Iafrate Constr. LLC v. Potashnick Constr., Inc.* 370 F.3d 715, 722 (8th Cir. 2004) (explaining that "[w]hen co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment"); *Universal Cooperatives Inc. v. AAC Flying Serv. Inc.*, No. 4:11-CV-304-DPM, 2012 WL 1019582, at *6 (E.D. Ark. Mar. 26, 2012) ("But [plaintiff's] claims against all the [defendants] are the same in their essentials and in their failings as a matter of law. A plaintiff may not, in these circumstances, take a default judgment against one defendant, thereby producing inconsistent judgments on identical claims."), *aff'd*, 710 F.3d 790 (8th Cir. 2013).

The deadline for dispositive motions is June 29, 2026. *See* Doc. No. 62. Once all dispositive motions are finally decided, Moore may file a new motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.[1]

---

[1] If Moore files a motion for default judgment, he must include an affidavit (sworn statement) stating whether or not the defendant is in military service, or that he is unable to determine whether or not the defendant is in military service. *See* 50 U.S.C. § 521(b).

IT IS SO ORDERED this 7th day of May, 2026.

UNITED STATES MAGISTRATE JUDGE